**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                                          Case No. 8:10-cr-103-T-33AEP

JOSE SOLIS
_____

**Order Reducing Defendant's Prison Term Under 18 U.S.C. § 3582(c)(2)**
**Based on USSG Amend. 782**

This matter comes before the Court upon the filing of Defendant's Motion for Sentence Reduction Based on Amendment 782. (Doc. # 359). The United States Probation Office filed its Amendment 782 Memorandum on October 20, 2016. (Doc. # 395). The October 20, 2016, Amendment 782 Memorandum indicates that Defendant is eligible for a sentence reduction. (Id.). Specifically, the Amendment 782 Memorandum indicates that Defendant is eligible for a 2-level reduction that results in an offense level of 33, criminal history category of I, with a guideline range of 135 to 168 months as to Counts One through Eight. (Id.). The Amendment 782 Memorandum further indicates that Defendant's sentence as to Count Nine remains unchanged. In addition, because the Court granted the Government's Rule 35 motion, a comparable departure would result in a guideline sentence range of 108 to 135 months with a sentence of 108 months' imprisonment as to Counts One through Eight. As such, Defendant's total sentence, after accounting for the reduction

1

pursuant to Amendment 782, would be reduced from 171 months' imprisonment (135 months as to Counts One through Eight and 36 months as to Count Nine, consecutive) to 144 months' imprisonment (108 months as to Counts One through Eight and 36 months as to Count Nine, consecutive).

The Court agrees that Defendant is eligible for a reduction and, pursuant to its discretionary authority under 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10, grants a sentence reduction consistent with the October 20, 2016, Amendment 782 Memorandum. Having reviewed the facts in both the original presentence investigation report and the October 20, 2016, Memorandum from the United States Probation Office in light of the factors in 18 U.S.C. § 3553(a), the need to consider the nature and seriousness of any danger posed by a reduction, see USSG § 1B1.10, comment (n.1(B)(ii)), and the pending Motion, the Court finds that a reduction of 27 months is warranted.

Thus:

(1) The Court grants the Defendant's Motion for a sentence reduction (Doc. # 359).

(2) The Court reduces the Defendant's prison term from 171 months (135 months as to Counts One through Eight and 36 months as to Count Nine consecutive) to 144 months (108 months as to Counts One through Eight and 36 months as to

>Count Nine, consecutive) or time served, whichever is greater.

(3) Except as otherwise provided, all provisions of the Judgment dated February 8, 2011, shall remain in effect.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of October, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE